IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRYCE JOHNSON,<br><br>    Plaintiff,<br><br>  vs.<br><br>MISSOULA COUNTY DETENTION FACILITY; PLANNED PARRENTHOOD OF MONTANA; COURTNEY EVANS; and MARTHA LASKOS,<br><br>    Defendants. | Cause No. CV 20-145-M-DWM<br><br>ORDER |

On September 14, 2020, Plaintiff Bryce Johnson brought this action under 42 U.S.C. § 1983 alleging violation of his right to adequate medical care as a pretrial detainee. *See* Compl. (Doc. 1) at 7–8.[1]  Johnson is a state prisoner proceeding pro se.  Defendants have filed a motion for summary judgment (Doc. 28) and a motion in limine (Doc. 26).

**I. Factual Background**

The following facts appear to be undisputed.  They are set forth only for context.  The Court makes no findings.

---

[1] Citations to page numbers refer to CM/ECF page numbers.

1

Johnson entered the Missoula County Detention Facility as a pretrial detainee in mid-September 2018.  On September 20, 2018, he requested medical attention via "kite" to address his all-over itching.  A treatment provider saw him on September 23, 2018, and he received Diphenhydramine cream.  It worked for a time but did not cure the problem.  Medical staff, including Defendant Laskos, occasionally tried different creams, attempted to find a solution by checking the laundry detergent, and ordered Aveeno soap (which Johnson did not actually receive) and Betamethasone oil for Johnson.  At times, Johnson applied less than the entire dose of a cream so that he would not have to obtain another dose as often, and he generally did not receive enough cream to apply to his whole body.  Johnson submitted three more kites before January and, on each occasion, received a prompt response and treatment.  On the whole, his symptoms improved, albeit somewhat unevenly.  *See* Defs. Statement of Uncontroverted Facts (Doc. 30) & Pl. Statement of Disputed Facts (Doc. 35) ("SUF/SDF") at ¶¶ 4, 17–20, 22–23, 25–26.

On December 29, 2018, Johnson submitted a kite regarding "what looks like a small tumor" on his testicles.  He received a response the next day and was scheduled to see a provider.  Early on January 2, 2019, however, he sent a kite describing significant pain and drainage.  A nurse saw him later the same morning and had him transported to the emergency room at St. Patrick's Hospital.  Based on the testicular lesion and the rash over Johnson's whole body, the doctor treated

2

Johnson for syphilis.  *See* SUF/SDF ¶¶ 27–29.

In late January, Johnson's rash resurged, and he lost some flexibility in his left little finger.  He used Benadryl cream until February 17, when he kited to say his rash was getting worse.  He was told he would be scheduled.  *See* SUF/SDF ¶¶ 37–38.

On February 21, 2019, Johnson submitted another kite asking to see a doctor.  Laskos tried to schedule Johnson with a dermatologist but learned there would be a significant wait.  She decided to send Johnson to St. Patrick's emergency room again.  On February 25, 2019, a different emergency room doctor treated Johnson for eczema.  *See* SUF/SDF ¶¶ 39–40.

At that point, medical staff were able to arrange a much quicker appointment with a dermatologist.  Noting that Johnson was not in acute distress, the dermatologist who saw Johnson on February 27, 2019, diagnosed Norwegian scabies.  After following the prescribed course of treatment, Johnson tested negative for scabies on March 26, 2019.  Scabies does not carry long-term medical consequences, but Johnson has scarring.  *See* SUF/SDF ¶¶ 35, 47, 50, 56–57.

Johnson remained at the Missoula County Detention Center until June 26, 2019, when he entered Montana State Prison.  *See* SUF/SDF ¶ 54.

## II.  Defendants' Motion for Summary Judgment

Defendants move for summary judgment as to all claims and defendants.

Among other things, they assert they are entitled to judgment in their favor because Johnson failed to exhaust his administrative remedies.

### A. Summary Judgment Standards

The Court will grant summary judgment if the moving party shows "there is no genuine dispute as to any material fact" and it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable juror to return a verdict in the non-moving party's favor. *Id.*

Once the moving party submits evidence demonstrating the absence of a genuine dispute of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), the burden shifts to the non-moving party to show the existence of a genuine conflict in the evidence or in its interpretation, *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Just as the moving party must produce evidence, the non-moving party also must "go beyond the pleadings" and point to evidence—that is, "depositions, answers to interrogatories, . . . admissions on file," and the like—to "designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e), now 56(c)(1)).

## B. Exhaustion of Administrative Remedies

42 U.S.C. § 1997e(a) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

All of Johnson's claims are subject to the exhaustion requirement. *See, e.g., Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739 (2001). "Exhaustion requirements apply based on when a plaintiff files the operative complaint." *Jackson v. Fong*, 870 F.3d 928, 935 (9th Cir. 2017). The operative complaint was filed on September 14, 2020.[2] *See* Order (Doc. 20) at 3.

"[T]he primary purpose of a grievance is to alert prison officials to a problem." *Jones v. Bock*, 549 U.S. 199, 219 (2007) (quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)). To meet the federal exhaustion requirement, the prisoner must use the grievance procedure available at his facility and "complete the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

To prevail on an affirmative defense of failure to exhaust, "a defendant must first prove that there was an available administrative remedy and that the prisoner

---

[2] Johnson dated the pleading "the 9 day of 10 2020." Compl. (Doc. 1) at 9, 10. Possibly he meant September 10, 2020. But the four-day discrepancy has no significance here.

5

did not exhaust that remedy." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). The burden then shifts to the prisoner to show "something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. The ultimate burden of proof remains with the defendants. *Id*.

### C. Application

Defendants demonstrate that Missoula County Detention Facility has a grievance procedure. *See* Defs. SUF at 18–19 ¶ 60 (citing Inmate Rule Book (Doc. 30-12) at 11 § 513; Kowalski Aff. (Doc. 30-4) at 2–3 ¶¶ 2–5). Johnson does not dispute this fact. *See* Pl. SDF (Doc. 35) at 8 ¶ 60. Defendants also assert that Johnson "admits he never filed a grievance concerning the allegations in this Complaint." Defs. SUF at 18 ¶ 58. Johnson does not dispute this fact either. *See* Pl. SDF (Doc. 35) at 7 ¶ 58; Fed. R. Civ. P. 36(b).

Defendants note that Johnson "appears to attribute his failure to file a grievance to an alleged learning disability," Defs. SUF at 18 ¶ 58, and Johnson does not dispute this fact, *see* Pl. SDF at 6 ¶ 58. The law does not appear to allow an exception for prisoners with learning disabilities. *See, e.g., Ross v. Blake*, 578 U.S. 632, 648 (2016) (reasoning that "[t]he only limit" to the exhaustion requirement is that a remedy must be "available"). But even if the law permitted such an exception, Johnson could not benefit from it. He has not submitted

evidence that he has a learning disability or that it precluded him from using the grievance procedure.[3]  Most importantly, he has not pointed to any evidence that the grievance procedure was "not capable of use to obtain relief despite being officially available to the inmate." *Andres v. Marshall*, 867 F.3d 1076, 1078–79 (9th Cir. 2017) (per curiam) (discussing *Ross*, 578 U.S. at 643–44).

The Court must conclude that the Defendants have proved Missoula County Detention Facility has a grievance procedure and Johnson failed to use it.  Johnson points to no fact supporting an inference that the procedure was not available to him.

If Johnson could now exhaust his claims, the Court would dismiss the complaint without prejudice.  But he cannot.  The grievance procedure provides that an inmate who files a grievance must do so "within (3) three days from the date of the incident or issue giving rise to the complaint."  Inmate Information and Rule Book (Doc. 30-12) at 11 § 513 ¶ 7.  Johnson has not alleged a date or period of time when the course of his medical care ripened into a violation of his right to

---

[3] Defendants contest Johnson's alleged "disability" by pointing to his admission that he "reported another inmate for making an inappropriate comment of a sexual nature to him." Defs. SUF at 18 ¶ 58 (citing Pl. Resp. to Request for Admission No. 12 (Doc. 30-4 at 3)).  They also point to his guilty plea to two counts of tampering with witnesses, which arose from Johnson's attempt to convince an undercover police officer "to kill two of the victim-witnesses in his rape cases" by issuing "written detailed instructions."  Defs. SUF at 17 ¶ 53; *see also* Defs. Br. in Supp. (Doc. 29) at 14–15.  Johnson disputes the Defendants' assertions of these facts as "irrelevant," but he does not point to evidence that he did not perform these cognitive tasks or was able to perform them and yet unable to use the grievance procedure.

adequate medical care, but logically it must have occurred before March 26, 2019, when, as he agrees, his condition was successfully resolved. *See* SUF at 16 ¶ 50; SDF at 6 ¶¶ 47–50. As it is no longer possible for him to pursue proper exhaustion, his complaint must be dismissed with prejudice. *See Woodford v. Ngo*, 548 U.S. 81, 96, 99–100 (2006).

Defendants are entitled to judgment in their favor. Considering the merits of Johnson's claims would contravene the purpose of the exhaustion requirement. This conclusion does not imply that Johnson might have prevailed but for the exhaustion requirement. There is no need to consider Defendants' motion in limine.

### III. In Forma Pauperis Status

Because Johnson is proceeding in forma pauperis, *see* Order (Doc. 4), the Court must consider whether the case offers a good-faith basis to appeal. *See* Fed. R. App. P. 24(a)(3)(A), (4)(B).

Johnson knew of the requirements he must meet to oppose the motion for summary judgment, *see* Notice (Doc. 25); Rules Packet (Doc. 11-2), had notice of the need to conduct discovery on the issue, *see* Answer (Doc. 10) at 10 ¶ 4; Defs. Disclosure Stmt. (Doc. 17) at 10 ¶ 5, and knew the defendants sought summary judgment based on their exhaustion defense, *see* Defs. Br. in Supp. (Doc. 29) at 13–15. Yet, as explained above, he points to no meaningful factual dispute. The

evidence presented unequivocally supports Defendants' affirmative defense of failure to exhaust. Any appeal would not be taken in good faith.

Accordingly, IT IS ORDERED:

1. Defendants' motion for summary judgment (Doc. 28) is GRANTED.

2. The complaint (Doc. 1) is DISMISSED WITH PREJUDICE for failure to exhaust administrative remedies prior to filing.

3. The motion in limine (Doc. 26) is DISMISSED AS MOOT.

4. By separate document, the clerk shall enter judgment in favor of Defendants and against Plaintiff.

5. The Court CERTIFIES that any appeal of this disposition would not be taken in good faith.

DATED this __5th__ day of January, 2022.

_____ 14:00PM
Donald W. Molloy
United States District Court